**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| CHINA LONON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV425-277 |
| | ) | |
| JOSHUA JONES, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* petitioner China Lonon filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his 2017 conviction in the Superior Court of Effingham County, Georgia. Doc. 8. The Court undertook to screen the operative Petition and, despite lingering skepticism, directed a response. *See generally* doc. 9; *see also id.* at 1 n. 1 ("[T]he Amended Petition also indicates that, notwithstanding the clear defects in the particular claims, it may be time barred, unexhausted, or both."). Respondent appeared and moved to dismiss Lonon's Petition as untimely and unexhausted. Doc. 13. Lonon has now requested appointed counsel, doc. 15, and responded to the Motion to Dismiss, doc. 16. For the reasons explained below, Lonon's request for appointed counsel is

**DENIED**, doc. 15, and the Respondent's Motion to Dismiss should be **GRANTED**, doc. 13. Although Lonon's most recent filing is clearly a response to Defendant's Motion, it nominally requests "to proceed with the facts." Doc. 16 at 1. Given that the Court has fully considered its substance in response to the Motion to Dismiss and it does not request any other cognizable form of relief, it is **DISMISSED** as moot. Doc. 16.

Before discussing the merits of Respondent's Motion, the Court must address Lonon's request for appointed counsel. Doc. 15. That Motion states only that Lonon cannot afford counsel, incarceration will limit his ability to litigate, and that trial will involve conflicting testimony. Doc. 15 at 1. There is no automatic constitutional right to counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Under 28 U.S.C. § 2254(h) and Rule 8(c) of the Rules Governing Section 2254 Cases (mandating appointment of counsel pursuant to 18 U.S.C. § 3006A when an evidentiary hearing is warranted), the Court has authority to appoint counsel in habeas corpus proceedings. However, such requests are discretionary with the courts, and appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" *Dean v. Barber*, 951 F.2d 1210, 1216 (11th

2

Cir. 1992) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)).  Moreover, it is well settled that "[i]n a habeas corpus action in federal court[,] there is no requirement that counsel be appointed unless appointment of counsel is necessary to due process."  *Norris v. Wainwright*, 588 F.2d 130, 133 (5th Cir. 1979) (cites omitted).  The Court discerns no "exceptional circumstances" warranting appointment of counsel; particularly, as explained below, because Lonon's Petition should be dismissed.  Lonon's request for appointed counsel is, therefore, **DENIED**.  Doc. 15.

Lonon's Petition states that he was convicted on numerous counts after a jury trial in the Superior Court of Effingham County in April 2017.  Doc. 8 at 1.  He lists multiple motions filed in the Superior Court challenging his conviction, but does not identify any direct appeals.  *See generally id.*  Respondent's Motion fleshes out the procedural history.  *See* doc. 13-1 at 1-3.  As presented in the Amended Petition, judgment was entered against Lonon by the Superior Court on April 4, 2017.  Doc. 13-1 at 1; *see also* doc 14-2.  The Superior Court denied his Motion for New Trial on November 6, 2017, but entered "a re-sentencing order," on December 13, 2018.  Doc. 13-1 at 2; *see also* docs. 14-3 & 14-4.  The

3

Georgia Court of Appeals affirmed Lonon's conviction on February 7, 2019. *See* doc. 13-1 at 2; *see also Lonon v. State*, 823 S.E.2d 842 (Ga. Ct. App. 2019). He did not appeal to the Supreme Court of Georgia. *See, e.g.,* doc. 16 at 2. Lonon filed a state habeas petition in the Superior Court of Telfair County on January 11, 2021, which remains pending. Doc. 13-1 at 2-3; *see also* doc. 14-5. The instant federal petition was first filed on October 25, 2025. *See* doc. 1-1 at 8.

Lonon's operative Amended Petition asserts four grounds for relief. Doc. 8 at 5-10. Ground One asserts that arrest warrants issued for Lonon were "fraudulent." *Id.* at 5. Ground Two asserts that United States marshals improperly arrested him "without any arrest warrants based on [h]earsay from Rincon, Ga. Police," officers. *Id.* at 7. Ground Three asserts that his prosecution was criminally "malicious," under Georgia law. *Id.* at 8. Ground Four asserts that he is "falsely imprisoned," because prosecuting officials "deceiv[ed]" the jury. *Id.* at 10. As relevant here, he also asserts that his Petition is timely "[d]ue to Covid-19 and [his] prison[s] being on lockdown." *Id.* at 13-14. Respondent moves to dismiss Lonon's Petition as untimely and unexhausted. Doc. 13-1 at 3-9.

4

Respondent is correct that Lonon's Petition is untimely. Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at *1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the

---

[1] Lonon's Amended Petition repeatedly refers to, somewhat inscrutably, "[n]ewly [d]iscovered [e]vidence." *See* doc. 8 at 6, 7, 9, 10, 11, 12; *see also id.* at 8 ("Newly discovered [e]vidence found in 2024 at Smith State Prison."). There is no clear explanation in the Amended Petition, or any of Lonon's other filings, of what the purported "newly discovered evidence" might be. *See generally* docs. 1, 1-1, 7, 8, 16. Although it is not clear, one reference to "newly discovered evidence," suggests that Lonon is referring to discovery materials from his case provided to him when his appellate counsel withdrew. Doc. 7 at 3. However, to the extent that Lonon's argument about that material is discernable at all, it seems that the evidence was "available" at the time of his trial, even if he did not recognize its legal significance until later. Thus, it could not support a later triggering date for the one-year statute of limitations than the date upon which his conviction became final. *See, e.g., Ownes v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (the limitations period, under §°2244(d)(1)(D), "begins when the prisoner knows (or through diligence could discovery) the important facts, not when the prisoner realizes their legal significance.").

petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1.  Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon v. Hart*, 2013 WL 2385197 at *3 (S.D. Ga. May 21, 2013); *Nesbitt*, 2014 WL 61236 at *1.

Under § 2244(d)(1)(A), a judgment of conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  As noted above, the Georgia Court of Appeals affirmed Lonon's conviction on February 7, 2019. *See Lonon*, 823 S.E. 2d at 842.  Since he did not appeal to the Supreme Court of Georgia, his conviction became final on February

6

27, 2019.[2]  *See* doc. 13-1 at 5-6.  Section 2244(d)'s one-year clock ran out, therefore, on February 27, 2020.  Lonon did not file his state habeas petition until January11, 2021, when there was no time left for it to toll. *See id.* at 6-7; *see also, e.g., Webster*, 199 F.3d at 1259.  The instant Petition, filed on October 25, 2025, was, therefore, years out-of-time.  *See* doc. 1-1 at 8.

Lonon's untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (*citing Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)).  "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.*; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010).  "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner."  *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

---

[2] Lonon had twenty days to petition the Georgia Supreme Court for *certiorari.  See* Ga. Sup. Ct. R. 38(2); *see also, e.g., Starling v. Warden*, 2023 WL 7013301, at *1 (11th Cir. May 10, 2023).

Charitably construed, Lonon's Amended Petition and response to the Motion to Dismiss assert that he is entitled to equitable tolling. The Amended Petition refers to restrictions on prisoners due to COVID-19 and violence in the prisons where Lonon was incarcerated. *See* doc. 8 at 13-14. His response refers to similar issues. Doc. 16 at 2. "Lockdowns" and similar prison restrictions, whether attributable to COVID-19 or other reasons, are not "extraordinary circumstances" supporting equitable tolling. *See, e.g., Powell v. United States*, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022). Lonon has, therefore, not borne his burden to establish a basis for equitable tolling.

Otherwise untimely § 2254 claims may also be considered, even if the petitioner is not entitled to equitable tolling, if he can demonstrate that a fundamental miscarriage of justice has occurred; that is where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (internal quotes omitted)). The actual innocence exception "is exceedingly narrow in scope," and, to invoke it, the petitioner must (1) present new reliable evidence that was not presented at trial, and (2) show that it is more

likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence. *Rozzelle v. Sec'y, Fla. Dept. of Corrs.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (internal quotation marks, alterations, and citation omitted); *see also McQuiggin*, 569 U.S. at 394-95 ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows that it is more likely than not that no reasonable juror would have convicted the petitioner." (internal quotation marks, alteration, and citation omitted)). "For purposes of this miscarriage-of-justice-exception, 'actual innocence' means factual innocence, not mere legal insufficiency." *Bembo v. Sec'y Dept. of Corrs.*, 2017 WL 5070197, at *2 (11th Cir. Mar. 30, 2017) (citing *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011)). The petitioner bears the burden of showing the exception applies. *See, e.g., McQuiggen*, 569 U.S. at 399. Lonon's Amended Petition does not suggest any contention that there is any "new evidence" that he is "factually innocent." *See generally* doc. 8.

Since Lonon's Petition is untimely and he makes no meritorious argument for equitable tolling or assertion of actual innocence, the Respondent's Motion to Dismiss should be **GRANTED**. Doc. 13. Lonon's

9

Amended Petition should be **DISMISSED**.  Doc. 8.  Because Lonon's Petition is untimely, the Court does not reach the question of whether it is also unexhausted.  *See, e.g., Byrd v. Warden Riverbend CF*, 648 F. App'x 881, 883 (11th Cir. 2016) ("Because the district court did not err in dismissing [Petitioner's] petition as untimely, it is unnecessary for us to reach the issue of whether his claims were also unexhausted.").

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).  Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy

on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 20th day of April, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA