**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

CHINA LONON,

              Petitioner,

      v.

JOSHUA JONES,

              Respondent.

CIVIL ACTION NO.: 4:25-cv-277

**O R D E R**

Before the Court is the Magistrate Judge's April 20, 2026, Report and Recommendation, (doc. 18), to which objections have been filed, (doc. 19). After a careful de novo review, the Court agrees with the Magistrate Judge's recommendations. The Report and Recommendation is, therefore, **ADOPTED**. (Doc. 18); see also, 28 U.S.C. § 636(b)(1)(C). The Magistrate Judge recommended that the Court accept Respondent's argument that Lonon's Petition is untimely. (Doc. 18, pp. 5—7.) He also recommended that the Court find Lonon has not borne his burden to show a basis for equitable tolling of the statute of limitations or made a plausible claim of actual innocence. (Id., at pp. 8—9.)

Lonon's Objection does not directly respond to any of the Magistrate Judge's recommendations. (See generally doc. 19.) Instead, it appears to respond to the Magistrate Judge's footnote concerning vague and confusing references to "newly discovered evidence." (See doc. 18, p. 5 n. 1; doc. 19, pp. 1—3.) However, to the extent that the Court can discern the nature of the "new evidence," it appears to concern the formal sufficiency of the warrants that led to Lonon's arrest. (Doc. 19, p. 3.) Such defects, even if they were proven, supports, at most,

legal innocence, so Lonon still "has not met the high bar of providing new evidence that supports factual innocence."   Woulard v. Sec'y, Dept. of Corrs., 707 F. App'x 631, 635 (11th Cir. 2017) (citing San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011)).   Lonon's Objection also refers to conditions at the prison where he is incarcerated that appear intended to support an argument for equitable tolling.   (Doc. 19, p. 4.)   The Magistrate Judge, however, already considered Lonon's argument and recognized that prison restrictions are not "extraordinary circumstances" warranting equitable tolling.   (Doc. 18, p. 8 (citing Powell v. United States, No. 21-12432-J, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022)).   Lonon's Objection, therefore, presents no argument that alters the sound conclusion that his Petition is barred by the applicable statute of limitations.

Lonon's Objection is, therefore, **OVERRULED**.   (Doc. 19.)   The Report and Recommendation is **ADOPTED**.   (Doc. 18.)   Respondent's Motion to Dismiss Lonon's Amended Petition as untimely is **GRANTED**.   (Doc. 13.)   Lonon's Amended Petition is **DISMISSED**.   (Doc. 8.)   Applying the Certificate of Appealability (COA) standards, which are set forth in Brown v. United States, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).   And, as there are no non-frivolous issues

to raise on appeal, an appeal would not be taken in good faith.   Thus, *in forma pauperis* status on appeal is likewise **DENIED**.   28 U.S.C. § 1915(a)(3).   The Clerk is **DIRECTED** to **CLOSE** this case.

      **SO ORDERED**, this 20th day of May, 2026.

_____

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3